IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES RONELL ABERNATHY,

    Petitioner,                    No. CIV-S- 09-1794 WBS KJM P

   vs.

BEN CURRY, Warden,               ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that his 1995 Sacramento County convictions for burglary, robbery, false imprisonment, along with sentencing enhancements for gun use, are invalid because appellate counsel was ineffective; the trial court erred in refusing to strike petitioner's prior convictions; the upper term for the robbery was imposed in violation of his right to jury trial; the trial court erred in imposing consecutive sentences; and trial counsel was ineffective.

        Defendant has filed a motion to dismiss, arguing that the petition was filed outside the statute of limitations. Petitioner has filed a pleading he calls a motion to reinstate his Cunningham claim (docket no. 17), and another entitled "memorandum of points and authorities in support of motion for this court to accept petitioner for writ of habeas corpus in lieu of

respondent's motion to dismiss claim." Docket No. 18. The court will consider the latter in conjunction with a declaration and short opposition. Docket No. 19.

I. <u>Background</u>

On June 1, 1995, petitioner was sentenced to a total term of thirty-three years, eight months in prison. Lodged Document (Lodg. Doc.) 1. He appealed his conviction, which was affirmed on July 22, 1997 by the California Court of Appeal. Lodg. Doc. 2. The California Supreme Court denied his petition for review on October 1, 1997. Lodg. Doc. 4.

Petitioner did nothing further until 2000, when he filed a petition for a writ of habeas corpus in Sacramento County Superior Court.[1] Lodg. Doc. 5. This was denied as untimely. Lodg. Doc. 6.

Petitioner filed a new petition in the Superior Court on February 26, 2001; it, too, was denied as untimely. Lodg. Docs. 7 & 8. A third Superior Court petition, filed on March 27, 2002, was denied as untimely and successive and found to be an abuse of the writ process. Lodg. Docs. 9 & 10.

On July 12, 2004, petitioner returned to the Superior Court contending that the abstract of judgment was in error. Lodg. Doc. 11. The court denied this petition on August 6, 2004. Lodg. Doc. 12.

A new petition for a writ of habeas corpus was filed in the Superior Court on March 31, 2007. Lodg. Doc. 13. This raised, among other things, a challenge to his sentence based on <u>Cunningham v. California</u>, 549 U.S. 270 (2007). <u>Id</u>. The court rejected petitioner's <u>Cunningham</u> claims and found his additional contentions to be untimely and successive. Lodg. Doc. 14.

/////

---

[1] The file stamp date appears to be November 1, 2000, but the certificate of service is dated August 29. The court relies on the latter date. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (according to the prison mailbox rule, a document is filed when it is given to prison authorities for mailing).

Thereafter petitioner unsuccessfully pursued habeas relief in the Court of Appeal and the California Supreme Court, which denied the writ on March 18, 2009. Lodg. Docs. 15-18.

The instant petition was filed May 19, 2009.[2]

II. Analysis

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

/////

/////

---

[2] See note 1 supra.

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999)

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

In this case, the statute of limitations began to run on January 2, 1998, and expired on January 2, 1999. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6 to calculation of time periods). The instant petition is not timely.

Petitioner argues that the triggering date for the limitations period is the Supreme Court's decision in Cunningham and that he is entitled to equitable tolling because he was investigating his case and because a prison writ-writer, who had his transcripts and other case materials, was transferred to a different institution.

A. Later Triggering Date–New Constitutional Right

On January 22, 2007, the Supreme Court held that California's Determinate Sentence Law, which permitted the judge rather than the jury to make findings to support the imposition of the upper term, violates a defendant's Sixth Amendment right to trial by jury. Cunningham, 549 U.S. at 293. This case cannot provide a new triggering date, however, because the Supreme Court has not found its holding to be retroactive, which is a necessary predicate to the application of 28 U.S.C. § 2244(d)(1)(c). See Dodd v. United States, 545 U.S. 353, 358 (2005) (construing identical language in section 2255 as expressing clear congressional intent that delayed accrual inapplicable unless the Supreme Court itself has made the new rule retroactive); see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir.), cert. denied, __ U.S. __, 129 S.Ct. 767 (2008) (Cunningham did not create a new rule of law).

/////

B. <u>Later Triggering Date–Factual Predicate</u>

Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). This provision does provide "an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." <u>Flanagan v. Johnson</u>, 154 F.3d 196 (5th Cir. 1998); <u>Hereford v. McCaughtry</u>, 101 F.Supp.2d 742, 745 (E.D. Wis. 2000) (petitioner not entitled to rely on this section when he knew the factual predicate at the time of trial; fact that he might not have had all the evidence or understood legal basis not determinative). Nevertheless, the diligence required under this section is not "the maximum feasible diligence" but rather "reasonable diligence in the circumstances," including physical confinement, which "can limit a litigant's ability to exercise due diligence." <u>Schlueter v. Varner</u>, 384 F.3d 69, 74, 75 (3rd Cir. 2004) (internal quotations omitted).

Petitioner claims that since October 1997, he has " been conducting an ongoing bonafide investigation into a myriad of claims, including, but not limited to, those raised herein," but does not explain the nature of the investigation or when he discovered anything that forms the basis of the instant petition or even the basis of the petitions he filed in state court. Pet., Ex. E (Declaration of James Abernathy) ¶ 8. In this petition, for example, petitioner challenges appellate counsel's failure to raise certain issues, something petitioner knew when his direct appeal was pending. Moreover, petitioner was aware that the trial court refused to strike petitioner's prior convictions and made the findings justifying the upper term when he appeared for sentencing in 1995. Finally, at the time of trial and plea, he was aware of trial counsel's failure to prepare for trial. Petitioner was aware of the factual predicate of all these claims at the latest in 1997, yet has failed to explain what additional information his investigation uncovered. He is not entitled to a later triggering date for the statute of limitations.

/////

1          Petitioner fares no better if he relies on Cunningham as a "factual predicate" for his claim, for a favorable legal decision cannot be a factual predicate within the meaning of § 2244(d)(1)(D).  See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("state court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim."); see also Singer v. Department of Corrections, 2010 WL 1444479 at 3 (C.D. Cal. 2010) (Cunningham is not a factual predicate).

        C.  Equitable Tolling

         To receive equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, ___ U.S. ___, 130 S.Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

         Petitioner argues that he entrusted his transcripts and other appellate documents to a prison writ writer in 1997 and that in January 1998, the writ writer was transferred, with petitioner's materials, to a different prison.  Petitioner avers he could not recover his materials because he did not know the writ writer's full name and it was not until 2006, when the two were incarcerated in the same facility, that he secured his materials.  Pet., Ex. E ¶¶ 2-5; Docket No. 19 at 1-2.  Petitioner avers that when he recovered the materials in December 2006, he was "able to

/////

1 conduct and complete a thorough investigation for his post-conviction challenges. . . ." Docket
2 No. 19 at 2.
3        In <u>Lott v. Mueller</u>, 304 F.3d 918 (9th Cir. 2002), the court recognized that if
4 petitioner was able to bear his burden of showing he was deprived of his legal material for a
5 period of eighty-two days when he was away from the prison, he might be entitled to equitable
6 tolling for that period of time.  However, in this case, petitioner was able to file four state habeas
7 petitions between 2000 and 2004, a period when he was allegedly separated from his materials.
8 He has not explained what investigation he was able to undertake only once he received his
9 materials, a claim that lacks some plausibility in light of the state court's finding that he was
10 abusing the writ process during that time.  He has not shown he was unable to file a timely
11 federal petition because of his alleged separation from his materials.  And, as the Ninth Circuit
12 observed in <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1049 (9th Cir. 2010), a prisoner entrusts his legal
13 materials to another inmate "at his peril."  <u>See also</u> <u>United States v. Cicero</u>, 214 F.3d 199, 204
14 (D.C. Cir. 2000) (no equitable tolling when inmate gave his papers to writ writer, who was then
15 placed in segregation); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) (reliance on writ
16 writer not sufficient).  He is not entitled to equitable tolling.

III. <u>Motion To Reinstate Cunninghman Claim</u>

18        In light of the finding that the instant action is untimely, petitioner's motions to
19 amend the allegations of his petition are denied.
20        IT IS THEREFORE ORDERED that:
21        1. Petitioner's motion to reinstate the <u>Cunningham</u> claim (Docket No. 17) is
22 denied; and
23        2. Petitioner's motion to accept a petition in lieu of the motion to dismiss (Docket
24 No. 18) is denied.
25        Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
26 dismiss (Docket No. 12) be granted and the petition be dismissed as untimely.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3  one days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within fourteen days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: June 25, 2010.

_____
U.S. MAGISTRATE JUDGE

25  2
26  aber1794.mtd